**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No.: 1:22-cv-23620-JEM/Becerra

DOMINGO A. JIMENEZ,

    Plaintiff,

v.

UNITED STATES DEPARTMENT
OF TREASURY,

    Defendant.
_____/

**REPORT AND RECOMMENDATION ON**
**MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS***

**THIS CAUSE** came before the Court on Plaintiff Domingo A. Jimenez's ("Plaintiff") Motion for Leave to Proceed *In Forma Pauperis*. ECF No. [3]. This matter was referred to the undersigned for all pre-trial non-dispositive matters, and for a Report and Recommendation on all pre-trial dispositive matters by the Honorable Jose E. Martinez, United States District Court Judge. ECF No. [6].

In order to determine whether a party is indigent and should not be required to pay fees and costs, "the only determination to be made by the court . . . is whether the statements in the affidavit satisfy the requirement of poverty." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) (internal quotations and citation omitted). If a party demonstrates that he is not able to pay for court fees and costs while supporting himself and his dependents, the request to proceed *in forma pauperis* should be granted. *Id.* There is no specific guidance regarding an income threshold to determine indigence for plaintiffs in federal civil cases. In federal bankruptcy cases, however, 28 U.S.C. § 1930(f)(1) provides that fees may be waived if an individual's income is less than 150% of the federal poverty guideline. In addition, the undersigned notes that Section 57.082,

Florida Statutes, provides specific guidance regarding the determination of indigency for persons filing lawsuits in Florida state courts. Pursuant to that statute, a person is indigent if their income is equal to or below 200% of the federal poverty guidelines. § 57.082(2)(a)(1), FLA. STAT. The 2023 Department of Health and Human Services' Poverty Guidelines for a family of one is $14,580.00. *See* Department of Health and Human Services Poverty Guidelines, available at https://aspe.hhs.gov/poverty-guidelines (last visited March 7, 2023).

Plaintiff has submitted an affidavit in support of his Motion for Leave to Proceed *In Forma Pauperis*. ECF No. [3]. Plaintiff's affidavit contains significant discrepancies regarding Plaintiff's income—making it difficult to ascertain Plaintiff's true financial situation. *Id.* According to the affidavit, Plaintiff earned an average monthly income of $58,907.00 during the past twelve months from his employment and expected to earn an average monthly income of $63,267.00 in November 2022 ("next month" from the filing of the Motion) from his employment.[1] *Id.* at 1. However, Plaintiff stated that he is currently employed by the Internal Revenue Service where he earns $4,849.00 per month. *Id.* at 2. Additionally, Plaintiff reports that he receives $1,529.00 per month in VA disability benefits. *Id.* Plaintiff states that he has $164.00 in one checking account, $80.00 in another checking account, and $155.00 in a third checking account. *Id.* Plaintiff also reports ownership of a Toyota RAV4 vehicle, with a reported value of approximately $3,000.00. *Id.* at 3.

On this record, Plaintiff does not meet the requirements to proceed *in forma pauperis*. The requirement that Plaintiff be at or below 200% of the federal poverty guidelines would require Plaintiff to earn a maximum of $29,160.00 per year, based on his family size of one, whereas Plaintiff indicates that he earned an average income of $58,907.00 per *month* in 2022, and may

---

[1] The undersigned acknowledges that Plaintiff may have submitted this number in error, as it appears more likely to have been a *total annual* income as opposed to an *average monthly* income. However, for the purposes of this analysis, the Court must construe the amounts in the affidavit as true and accurate.

earn even more in 2023. *Id.* at 1–2. Even if the Court were to presume that Plaintiff only earns income from his listed employer, the Internal Revenue Service, at $4,849.00 per month, he would still be earning an annual income of $58,188.00 per year, well in excess of the guideline range. Thus, given the above guidelines, the undersigned finds that Plaintiff is not indigent for purposes of proceeding in this case, based solely on this record.

Accordingly, it is hereby **RECOMMENDED** that Plaintiff's Motion to Proceed *In Forma Pauperis*, ECF No. [3], be **DENIED WITHOUT PREJUDICE**.

A party shall serve and file written objections, if any, to this Report and Recommendation with the United States District Court Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this Recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

**DONE AND SUBMITTED** in Chambers at Miami, Florida, on March 9, 2023.

_____
**JACQUELINE BECERRA**
**United States Magistrate Judge**